THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LLOYD D. McCOLLUM, Defendant-Appellant.

Third District   No. 78-209

Opinion filed May 24, 1979.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Lloyd McCollum appeals to this court from his conviction of attempted escape following a bench trial in the Circuit Court of Will County. McCollum was sentenced to a term of 1 year and 1 day in the penitentiary, to run consecutively to the term he was then serving.

On appeal in this court, defendant contends that his right to be protected under the doctrine of "double jeopardy" was violated when he was prosecuted for an "attempt escape" after he had been punished in the prison disciplinary proceedings for the same act. He also contends that the State failed to prove beyond a reasonable doubt that McCollum had previously been convicted of a felony. A co-defendant, who was also convicted of attempted escape, has withdrawn his appeal in this court, and the sole person involved in this appeal is defendant Lloyd McCollum.

As we have noted, defendant McCollum was convicted of "attempt escape" under the provisions of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 8—4). The defendant filed a pretrial motion which sought to have the indictment against him dismissed because he had already been punished within the penal system for his attempt escape. That motion was denied.

It is clear from the record that defendant McCollum was incarcerated at the honor dorm of the Joliet Correctional Center. It indicates that sometime after 1 a.m. on September 18, 1977, a prison guard, Lieutenant Jinkins, noted that the lower part of a padlocked screen

door, which led from the dorm to the yard, had been pushed out and had a large hole in it. A count of the prison residents revealed that two were absent. Jinkins then searched the area near the dorm and found defendant McCollum and his companion outside a nearby building, where they were crouched down in an enclosure. The tower guard also testified that at 1 a.m. he saw a man running in the prison yard.

The two men were later advised of their *Miranda* rights and interviewed. Each of the defendants admitted leaving the dorm and having conceived a plan to escape by going over the sally port. Certified copies of the felony convictions of Lloyd McCollum and his companion were admitted into evidence. In addition to that, three witnesses identified defendant as being a resident of the Joliet Correctional Center.

Defendant's first contention was that the State's prosecution of him for felony attempt escape violated the double jeopardy clauses of the Federal and State constitutions. Prior to his prosecution in the Will County Circuit Court, McCollum was subjected to prison disciplinary proceedings for the attempted escape, as a result of which his parole was revoked and he lost 6 months of statutory good time. Defendant contends that his prosecution in the circuit court for the same attempted escape for which he was punished in a prison disciplinary proceeding is a violation of his right not to be subject to double jeopardy.

■■ We have recently resolved this identical question in *People v. Lewis, Thompson and Ransom* (1979), 73 Ill. App. 3d 361, 386 N.E.2d 910. In the case referred to, we determined that prosecution of a prison inmate for acts for which he has already been punished in prison disciplinary proceedings is not a violation of his double jeopardy rights. We adhere to that conclusion in the instant case.

Defendant's second argument is that the State failed to prove beyond a reasonable doubt that he had previously been convicted of a felony. Defendant was charged with attempting to violate section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)), where it is provided that:

> "(a) A person convicted of a felony * * * who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony."

■■ Both the State and the defendant agree that proof of a prior felony conviction is an essential element in proving the offense of felony escape or attempt felony escape. (See also *People v. Arbuckle* (2d Dist. 1966), 69 Ill. App. 2d 251, 256, 215 N.E.2d 825.) The Illinois Supreme Court has held on a number of occasions that the mere introduction into evidence of a certified copy of a conviction of a person bearing the same name as the defendant in that case would not, in itself, be sufficient to prove that the

individual defendant had previously been convicted. (*People v. Stewart* (1961), 23 Ill. 2d 161, 177 N.E.2d 237.) In the instant case, in addition to the certified copies of the convictions which proved defendant had previously been convicted of a felony, it was shown that defendant was incarcerated in a penitentiary of the Department of Corrections 5 months after a person of the same name as defendant was sentenced to a 1- to 3-year term in the Department of Corrections. We also note that the Criminal Code defines felony as:

> "* * * an offense for which a sentence to death or a term of imprisonment in a penitentiary for one year or more is provided."

(Ill. Rev. Stat. 1977, ch. 38, par. 2—7.) Thus, the fact that defendant was incarcerated in a penitentiary is probative of defendant's conviction of a felony.

We, therefore, conclude that the State presented sufficient evidence, in addition to the certified copy of the conviction, to prove that defendant McCollum had previously been convicted of a felony. Here it was shown that a conviction of a person of the same name was shown of record. It was also shown that defendant, was identified as a person who was incarcerated during the term when the person named in the certified copy of the conviction was to be serving. It is noted that it is extremely unlikely that anyone incarcerated in a penitentiary has not been convicted of a felony.

We note that the Illinois Supreme Court has recently indicated an intention to relax the rule that proof of a prior conviction requires certain formal proof of identity with the person named in the copy. In *People v. Davis* (1976), 65 Ill. 2d 157, 164, 357 N.E.2d 792, 795, the supreme court states:

> "It has been repeatedly held that proof of prior convictions should be by means of certified copies of the record and identification of the defendant in the prior case as the same person. [Citations.] To the extent that these similar holdings may be thought to create an inflexible rule requiring formal proof of earlier court records only by authenticated or certified copies of those records and proof of identity, they are incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads. Nor do such procedures provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied."

In the instant case, defendant McCollum has never denied the fact of his prior conviction. The *Davis* case held that it was proper for a judge at a probation revocation hearing to take judicial notice of the prior conviction of a defendant who originally pleaded guilty before the same judge.

178

On the basis of the record, therefore, the State proved beyond a reasonable doubt that the defendant had been convicted of a felony prior to his attempted escape.

For the reasons stated, therefore, we conclude that the amount of proof of identity of defendant Lloyd D. McCollum was adequate and meets the Illinois Supreme Court standards.

The judgment and sentence of the Circuit Court of Will County in this cause is, therefore, affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.