■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DAVIS, Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered November 19, 1982, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was an inmate at Elmira Correctional Facility when, on August 18, 1982, he was found in possession of a razor blade. An institutional disciplinary proceeding was conducted which resulted in defendant receiving as punishment a loss of "good time". Defendant was subsequently indicted by a Chemung County Grand Jury and charged with promoting prison contraband in the first degree. Defendant pleaded guilty as charged and was sentenced as a second felony offender to an indeterminate term of imprisonment of 1½ to 3 years.

On this appeal, defendant challenges his conviction on the ground that a criminal prosecution for an offense which has already been the subject of a disciplinary proceeding at a State detention facility violates the constitutional prohibition against double jeopardy, and, also, on the ground that Penal Law § 70.06 is unconstitutional in that its mandatory sentence requirement denies equal protection under both the United States and New York State Constitutions.

This court has recently addressed both issues. A disciplinary determination imposing a loss of good time does not bar criminal prosecution of an inmate based on the same act (*People v Medina,* 111 AD2d 946; *People v Briggs,* 108 AD2d 1058). Further, there is no constitutional infirmity to the second felony offender statute (*People v Saxbury,* 95 AD2d 871, 872).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.