■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS MEDINA, Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 26, 1984, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was an inmate at Elmira Correctional Facility when, on October 2, 1983, he was involved in a fight. He allegedly stabbed another inmate with a sharp instrument and then disposed of the weapon by throwing it into a garbage can. Defendant was indicted on December 1, 1983 and charged with promoting prison contraband in the first degree. He pleaded guilty, without admitting guilt, to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to an indeterminate term of imprisonment of 1½ to 3 years to run consecutive to the term he was then serving. Defendant has appealed, his primary contention being that prosecution of the indictment is barred by the fact that, at a Superintendent's proceeding conducted on October 7, 1983, he was found not guilty of charges based on the same incident.

Initially, we reject defendant's claim that this criminal prosecution is barred by double jeopardy (*see, People v Davis,* 111 AD2d 945; *People v Briggs,* 108 AD2d 1058).

Defendant also argues that the prior acquittal on the same charges at the Superintendent's proceeding precludes the prosecution of this indictment under the doctrine of collateral estoppel or issue preclusion. In our view, the record is inadequate to make a determination of whether the elements of issue preclusion are satisfied. The record does not contain the decision made as a result of the Superintendent's proceeding, nor is there any evidence of what the exact charges were or what issues of fact were necessarily determined. Without more evidence, this court can only speculate about the preclusive effect, if any, of the Superintendent's proceeding. We note that defendant had the burden of establishing issue preclusion (*see, People v Alvarez,* 88 Misc 2d 709, 719, *affd* 78 AD2d 592).

Defendant lastly argues that he was denied the effective assistance of counsel. In support of that argument, he points out that his trial counsel failed to make the appropriate motions to formally bring before the trial court his acquittal of the institutional disciplinary charges. While defendant's point may well have merit, we cannot say, on the face of the record, that defendant's trial counsel failed to provide meaningful representation. The only formal reference in the record to the Superintendent's proceeding occurred during defendant's testimony at the suppression hearing. The record does not reveal the details of the Superintendent's proceeding, the extent of trial counsel's investigation into this possible defense or the reason why no motion was made raising such defense. Where the bases for the allegation of lack of meaningful representation are matters outside of the record, the proper means of raising such claim is a motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.