THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DONOTA RAEBIG, Defendant-Appellee.

Third District   No. 3—90—0533

Opinion filed May 10, 1991.

Edward Burmila, Jr., State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Hubert E. Hermanek, Jr., of Chicago, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Donota Raebig, was involved in a two-vehicle accident on September 10, 1988, which resulted in death to the other driver. Traffic citations were issued charging the defendant with failure to yield at a stop sign (Ill. Rev. Stat. 1987, ch. 95½, par. 11—1204(b)) and failure to wear a seat belt (Ill. Rev. Stat. 1987, ch. 95½, par. 12—603.1(a)). The citations indicated that a fatality had occurred, but the issuing State Trooper did not mark the box requiring a court appearance as required by Supreme Court Rule 551(d) (134 Ill. 2d R. 551(d)). On October 13, 1988, Donota Raebig signed the guilty pleas

on the back of the traffic citations and mailed them, along with the required fines and court costs, to the clerk of the circuit court of Will County. On January 4, 1989, a criminal complaint was filed charging the defendant, Donota Raebig, with reckless homicide (Ill. Rev. Stat. 1987, ch. 38, par. 9—3(a)); an indictment charging the same offense was filed on February 14, 1990. Defendant filed a motion to dismiss the indictment on the basis of double jeopardy. The trial court, relying on *Grady v. Corbin* (1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084, granted her motion after the State advised the court that it could not prove the reckless homicide charge without introducing evidence of the stop sign violation. The State appeals from the dismissal of the indictment. We reverse and remand.

In *Grady v. Corbin* (1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084, after defendant's automobile was involved in a three-car accident on October 3, 1987, an assistant District Attorney was called to the scene of the accident. There, he learned that the driver and passenger in one of the other vehicles had been seriously injured. Later that evening, the assistant District Attorney was informed that the driver of the other vehicle had died from injuries sustained in the accident. That same evening, while being treated at the hospital for his own injuries, the defendant was issued uniform traffic tickets for driving while intoxicated and failing to keep right of the median. The tickets directed the defendant to appear in court on October 29, 1987.

Three days later, a different assistant District Attorney began gathering evidence for a homicide prosecution. The second assistant District Attorney did not attempt to ascertain when the defendant was scheduled to appear in court nor did he inform either the court or the assistant District Attorney covering the court about the investigation. As a result, the assistant District Attorney covering the court never mentioned the death of the driver of the second vehicle in his statement of readiness for trial and other pretrial pleadings that he submitted to defendant and to the court. Thus, when defendant pled guilty to the two traffic tickets on October 27, 1987, a date on which no member of the District Attorney's office was present in court, the presiding judge was not aware that a fatality had occurred. The judge accepted the guilty pleas, but because no sentencing recommendation had been submitted by the District Attorney's office, sentencing was postponed.

When the case was eventually called for sentencing, a different assistant District Attorney was present. She was unable to locate the case file and was unaware that there had been a fatality. Nevertheless, she did not seek an adjournment but simply recommended a min-

imum sentence, which was imposed. Two months later, a grand jury indicted defendant on charges of reckless manslaughter, second degree vehicular manslaughter, criminally negligent homicide, third degree reckless assault, and driving while intoxicated.

■ The New York Court of Appeals ruled that prosecution of the charges was prohibited by the double jeopardy clause of the fifth amendment because the bill of particulars filed by the State showed that it intended to rely on the traffic offenses to prove those charges. The United States Supreme Court affirmed, holding that the double jeopardy clause "bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 510, 109 L. Ed. 2d at 557, 110 S. Ct. at 2087.

Prior to *Grady*, we would have found dismissal in this case to be improper because the statutory elements of reckless homicide and failure to yield at a stop sign are different and neither offense is a lesser included offense of the other. (See *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912; *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180; *People v. Jackson* (1987), 118 Ill. 2d 179, 514 N.E.2d 983.) Now, however, because the State has indicated that it intends to rely on the defendant's failure to yield at a stop sign to prove the charge of reckless homicide, it would appear that prosecution of the defendant in this case may be barred by *Grady*. The State argues that successive prosecutions are permissible when justified by the public interest in law enforcement and in the absence of prosecutorial overreaching. This case is distinguishable from *Grady*, the State contends, because here the prosecutor was not involved in charging or prosecuting the defendant. The State points to footnote three of the *Grady* opinion in support of its argument:

"The record does not indicate why the return dates for the traffic tickets were changed from October 29 to October 27. *In any event, the District Attorney was not deprived of a meaningful opportunity to participate in this prosecution.* If the District Attorney had wanted to prevent Corbin from pleading guilty to the traffic tickets so that the State could combine all charges into a single prosecution containing the later-charged felony counts, he could have availed himself of NY Crim Proc Law §170.20(2) (McKinney 1982) [requiring the court to grant an adjournment where the district attorney intends to seek an indictment].

Furthermore, the District Attorney's participation in this prosecution amounted to more than a failure to move for an adjournment. ADA Glick filed papers indicating a readiness to proceed to trial, and Assistant District Attorney Heidi Sauter appeared at Corbin's sentencing hearing on behalf of the People of the State of New York." (Emphasis added.) *Grady*, 495 U.S. at 512 n.3, 109 L. Ed. 2d at 558 n.3, 110 S. Ct. at 2088 n.3.

We agree with the State that in this case, unlike *Grady*, the State was "deprived of a meaningful opportunity to participate" in the prosecution. The State Trooper's error in failing to mark the traffic citation as a "must appear" prevented the State's Attorney's office from reviewing the charges and participating in the prosecution. This complete lack of involvement by the State's Attorney's office distinguishes this case from *Grady* and negates the defendant's double jeopardy claim.

■ The double jeopardy clause prevents the State from making repeated attempts to convict a defendant, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." (*Green v. United States* (1957), 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204, 78 S. Ct. 221, 223.) The State may not, through multiple prosecutions, rehearse its presentation of proof and hone its trial strategy, thus increasing the risk of an erroneous conviction. (*Grady*, 495 U.S. at 518, 109 L. Ed. 2d at 562, 110 S. Ct. at 2091-92.) We believe these concerns over successive prosecutions are largely alleviated when the initial "prosecution" consists solely of a traffic citation followed by payment of a fine by mail.

■ In this case, there has not been prosecutorial overreaching, nor has the State's Attorney's office had a realistic opportunity to participate in the prosecution. Defendant argues, however, that the investigating officer who issued the tickets was aware of the fatality and the circumstances of the accident and that the trooper, as a representative of the State, issued the traffic citations "without believing a reckless homicide occurred." Whether or not the investigating officer believed the circumstances warranted a charge of reckless homicide is irrelevant, because initiation of a criminal prosecution and the choice of charges to be brought are functions within the exclusive discretion of the State's Attorney (*People v. Pankey* (1983), 94 Ill. 2d 12, 445 N.E.2d 284).

■ The protection afforded by the double jeopardy clause is not absolute, and "successive prosecution on a greater offense may be

permitted where justified by the public interest in law enforcement and the absence of prosecutorial overreaching." (*Garrett v. United States* (1985), 471 U.S. 773, 796, 85 L. Ed. 2d 764, 783, 105 S. Ct. 2407, 2420 (O'Connor, J., concurring).) We hold, therefore, that the public interest in law enforcement outweighs the very minimal "embarrassment, expense and ordeal" (*Green*, 355 U.S. at 187, 2 L. Ed. 2d at 204, 78 S. Ct. at 223) to which the defendant has been subjected here. Under the circumstances of this case, to find otherwise "would deny the State its right to one full and fair opportunity to convict those who have violated its laws" (*Ohio v. Johnson* (1984), 467 U.S. 493, 502, 81 L. Ed. 2d 425, 435, 104 S. Ct. 2536, 2542).

Because of our disposition of this cause, the defendant's motion to strike certain arguments in the State's reply brief, which was taken with the case, has been rendered moot. For the reasons stated above, the judgment of the circuit court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McCUSKEY and HAASE, JJ., concur.