THE PEOPLE OF THE STATE OF ILLINOIS, Appellant and Cross-Appellee, v. EDUARDO CARRILLO *et al.*, Appellees and Cross-Appellants.

*Opinion filed January 19, 1995.*

Roland W. Burris, Attorney General, of Springfield,

and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen and Arleen C. Anderson, Assistant Attorneys General, of Chicago, and Renee Goldfarb, Kenneth McCurry, Theodore Burtzos and Andrea Bonin, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago, and Tina Liebling, of Rochester, Minnesota, for appellees and cross-appellants.

JUSTICE HEIPLE delivered the opinion of the court:

Helen Serafin, shot and paralyzed in 1979, languished for nine years and ultimately died on December 26, 1988. Dolly Stacey and Eduardo Carrillo, having been previously convicted of lesser charges, were then indicted, in the circuit court of Cook County, for murder. Specifically, they were charged with (1) intentionally and knowingly shooting and killing Serafin (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1)); (2) knowing that such a shooting created a strong probability of death or great bodily harm (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(2)); and (3) felony murder based upon home invasion, burglary and armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(3)).

Because defendants had previously been prosecuted for offenses arising out of the same circumstances, they moved to dismiss the indictments for reasons of double jeopardy. (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10.) The trial judge denied the motion, and the defendants appealed. Considering the principles of double jeopardy and collateral estoppel, the appellate court reversed the trial court, holding that all of the indictments were barred except for that of murder based upon a strong probability of death or great bodily harm.

(254 Ill. App. 3d 809.) We reverse in part and affirm in part.

## FACTS

Through a mutual friend, Dolly Stacey solicited Eduardo Carrillo to break into the basement apartment of her tenant, Helen Serafin, in order to frighten her into vacating the premises. Pursuant to this agreement, Carrillo and several acquaintances broke into Serafin's apartment, whereupon they robbed and shot her. Though Stacey was not present at the shooting, she knew the break-in was occurring and was looking down into Serafin's apartment through a laundry chute when the shot was fired. As already noted, Helen Serafin's death did not occur until over nine years later.

Shortly following the break-in and shooting, however, both defendants were charged with attempted murder, home invasion, armed robbery, burglary, aggravated battery and armed violence. Stacey was convicted of home invasion and burglary on an accountability theory, but was acquitted of attempted murder, armed robbery, aggravated battery and armed violence. Carrillo pleaded guilty to all counts.

## THE DOUBLE JEOPARDY CLAUSE

Both our State and Federal Constitutions provide that no person shall be twice put in jeopardy for the same offense. (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10.) In *Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182, the Supreme Court held that the test for determining whether a subsequent charge is for the same or a different offense is, essentially, whether an additional element must be proven in the subsequently charged offense. Extrapolating from *Blockburger*, the Supreme Court has since held that where a lesser included offense has previously been charged, the greater offense cannot

subsequently be charged without violating the double jeopardy clause. *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912; *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221; *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260.

Considering *Blockburger* and its progeny, the appellate court held that the underlying felonies at issue are lesser included offenses of felony murder. It likewise held that attempted murder is a lesser included offense of murder based upon intent to kill. It then concluded that the double jeopardy clause renders unconstitutional the instant prosecutions for felony murder and intentional murder because the underlying, lesser included offenses had been litigated. We disagree.

Resolving the double jeopardy claims of the defendants does not require that this court address the merits of the appellate court's lesser included offense analysis. In cases where double jeopardy might otherwise be implicated, an exception exists where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not yet occurred. *Diaz v. United States* (1912), 223 U.S. 442, 448-49, 56 L. Ed. 500, 503, 32 S. Ct. 250, 251.

In *Diaz*, the Supreme Court held that a defendant could be prosecuted for murder notwithstanding that he had been previously convicted of assault and battery arising out of the same circumstances. While this exception has not been addressed directly by the Supreme Court since *Diaz*, it has been recognized from time to time in several of the Court's significant double jeopardy cases. (See *Brown*, 432 U.S. at 169 n.7, 53 L. Ed. 2d at 196 n.7, 97 S. Ct. at 2227 n.7; *Vitale*, 447 U.S. at 421 n.8, 65 L. Ed. 2d at 238 n.8, 100 S. Ct. at 2267 n.8.) Applying the *Diaz* exception to the instant case,

the felony murder and intentional murder charges faced by the defendants are not barred by the double jeopardy clause because the defendants could not have been prosecuted for Serafin's murder until her death.

Defendants further assert that if the *Diaz* exception applies, it expires after "one-year-and-a-day" from the time of the offense. This argument is premised upon the common law rule that a criminal could not be prosecuted for felonious homicide if the victim did not die within one year and a day from the infliction of the wound. See Statutes Made at Gloucester on the Fourth of October, 1278, 6 Ed. 1, ch. 9; *People v. Harrison* (1946), 395 Ill. 463.

We note initially that the year-and-a-day rule was first codified in Illinois in 1827 and continued as part of the Criminal Code up to and including the 1953 Criminal Code. (Ill. Rev. Stat. 1827, Criminal Code, § 30.) However, upon repealing the 1953 Criminal Code and substituting it with the 1961 Criminal Code, the legislature chose not to include the year-and-a-day rule. (Compare Ill. Rev. Stat. 1953, ch. 38, par. 365, with Ill. Rev. Stat. 1961, ch. 38, par. 9—1 *et seq.*) Generally, when a statute is repealed and a replacement statute is adopted, whatever is excluded is discarded. (*People v. Manning* (1979), 76 Ill. 2d 235, 240.) However, this principle of construction does not automatically apply to the repeal of codifications of the common law. Rather, the common law survives absent legislative intent to the contrary. (*People v. Davis* (1953), 1 Ill. 2d 597, 599-600.) Thus, it is necessary to consider whether the legislature intended to abolish the year-and-a-day rule upon excluding it from the newly substituted Criminal Code of 1961.

In addressing the applicability of the common law, the 1961 Criminal Code stated: "Applicability of Common Law. No conduct constitutes an offense unless it is

described as an offense in this Code or in another statute of this State." (Ill. Rev. Stat. 1961, ch. 38, par. 1—3.) Thus, the plain language of the statute indicates that the drafters intended that the 1961 Criminal Code be all-inclusive. Indeed, the drafters of the 1961 Criminal Code expected that it would "complete the process of replacing the common-law definitions of offenses with statutory definitions." (720 ILCS Ann. 5/1—3, Committee Comments—1961 (Smith-Hurd 1993).) Thus, the year-and-a-day rule was abolished by the legislature in 1961 and has not existed as part of this State's criminal law since that time.

Moreover, we note the legislature's wisdom in abolishing the year-and-a-day rule. It was a remnant from the days when medicine and science, both as to diagnosis and treatment, were so unsophisticated that mortally wounded persons commonly died shortly after the infliction of a grievous wound. In such circumstances, it was reasonable to presume that if a wounded person died more than a year from the time of the wound, the cause of death was other than the wound. Modern medicine, however, allows doctors to employ a variety of extraordinary, even heroic, means to save and prolong the lives of victims for years, as opposed to days or months. Also, diagnostic post-mortem pathological procedures can now discover and define the cause of death with great particularity and precision.

Consequently, we hold that the *Diaz* exception applies in Illinois without the confines of any time limit.

## COLLATERAL ESTOPPEL

The appellate court also held that the doctrine of collateral estoppel, a component of the double jeopardy clause, bars defendants' prosecution for murder based both upon the intent to kill and the intent to cause great bodily harm.

Regarding Carrillo, the appellate court held that

because he had pleaded guilty to attempted murder, a specific intent crime, he could not subsequently be prosecuted for murder based upon intent to kill because this intent issue had already been litigated. It applied similar logic in barring the murder count based upon the intent to cause great bodily harm because Carrillo previously had pleaded guilty to aggravated battery. We disagree.

We first note that, unlike an acquittal, a plea of guilty does not necessarily foreclose the possibility of subsequently charged offenses arising out of the same conduct, but which require proof of additional elements. (*Cf. United States v. Dixon* (1993), 509 U.S. 688, 710 n.15, 125 L. Ed. 2d 556, 577 n.15, 113 S. Ct. 2849, 2863 n.15 (suggesting that a prior conviction arising out of the same activities does not necessarily bar subsequent prosecution where facts essential to the previous conviction must again be proved).) Additionally, unlike an acquittal, no issues are litigated in a guilty plea, thus rendering the issue preclusion of collateral estoppel inapplicable in this context.

Moreover, we note that collateral estoppel in criminal contexts is a component of the double jeopardy clause. (*Ashe v. Swenson* (1970), 397 U.S. 436, 445-46, 25 L. Ed. 2d 469, 476-77, 90 S. Ct. 1189, 1195.) Thus, the *Diaz* exception, as articulated in the double jeopardy portion of this opinion, similarly bars Carrillo's collateral estoppel assertions. Because Serafin was not dead at the time Carrillo was charged with attempted murder and aggravated battery, he may now be charged with her murder.

A different result, however, must obtain regarding Stacey's collateral estoppel arguments. In this instance, we agree with the appellate court's conclusion that her acquittal for attempted murder, aggravated battery and armed robbery forecloses any subsequent prosecution

for murder based upon the intent to kill or cause great bodily harm, as well as the felony murder count based upon armed robbery.

Defendant Stacey has already been acquitted of attempted murder, aggravated battery and armed robbery. The court thus determined that there was reasonable doubt that Stacey had the requisite intent to kill or to cause great bodily harm to Serafin, as well as to commit armed robbery against her. Consequently, we conclude that the murder charges based upon intent to kill or do great bodily harm are foreclosed as against Stacey based upon principles of collateral estoppel. See *Ashe*, 397 U.S. at 446, 25 L. Ed. 2d at 477, 90 S. Ct. at 1195.

Finally, we also agree with the appellate court's holding that the murder counts based upon knowledge that the shooting of Serafin created a strong probability of death or great bodily harm were constitutional as against both defendants. None of the charges previously faced by the defendants dealt with this knowledge and thus collateral estoppel is not implicated.

## CONCLUSION

Thus, as regards Carrillo, we hold that he may be charged with felony murder based upon armed robbery, burglary and home invasion; murder based upon the intent to kill or cause great bodily harm; and murder based upon the knowledge that his actions created a strong possibility of death or great bodily harm.

As regards Stacey, we hold that she may be charged with felony murder based upon home invasion and burglary, as well as murder based upon the knowledge that her actions created a strong possibility of death or great bodily harm. We further find, however, that she may not be charged with felony murder based upon armed robbery, as well as murder based upon the intent to kill or cause great bodily harm.

Given the foregoing, the judgments of the circuit and appellate courts are reversed in part and affirmed in part and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Appellate court affirmed in part*
*and reversed in part;*
*circuit court affirmed in part*
*and reversed in part;*
*cause remanded.*