THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD ECK *et al.*, Defendants-Appellants.

Fifth District    No. 5—95—0327

Opinion filed May 2, 1996.

Brian L. Polinske, of Edwardsville, for appellants.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendants Wayne Short, Robert Baron, Donald Eck, and Allan Ritzel were all charged with the offense of driving under the influence (DUI) in violation of section 11—501 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11—501 (West 1994)). Ritzel submitted to a blood-alcohol-content test which revealed a blood-alcohol content of 0.21. The other three defendants refused to submit to the test. All four defendants were subject to summary suspension of their driving privileges by the Secretary of State pursuant to section 11—501.1 of the Code (625 ILCS 5/11—501.1 (West 1994)). All four filed petitions to rescind their summary suspensions, and in each case the petitions were denied after an evidentiary hearing. Each defendant subsequently filed a motion to dismiss the criminal DUI charge, based upon double jeopardy grounds. Specifically, each defendant argued that a subsequent prosecution for DUI would constitute multiple punishment for the same offense. In denying the motions, the trial court noted that while a statutory summary suspension has a deterrent purpose, its primary purpose was remedial and it therefore did not constitute punishment for double jeopardy purposes. The trial court also noted that statutory summary suspension and DUI proceedings were separate and distinct prosecutions and that, with respect to the defendants who refused to submit to the blood-alcohol-content test, the two proceedings punished them for different conduct. Specifically, the trial court ruled that statutory summary suspension resulted from refusing to submit to a blood-alcohol-content test, while the DUI prosection resulted from operating a motor vehicle while under the influence of alcohol.

On appeal, defendants argue that prosecuting them for DUI after a statutory summary suspension hearing subjected them to double jeopardy in violation of the Illinois and United States Constitutions. Specifically, defendants argue that summary suspension constitutes "punishment" for double jeopardy purposes, and that to subject them to both summary suspension and a DUI prosecution punishes them twice for the same offense.

■ The prohibition against double jeopardy protects against three distinct abuses: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense, when sought in separate proceedings. *In re P.S.*, 169 Ill. 2d 260, 272 (1996). In determining whether a defendant is being subjected to multiple punishments for double jeopardy purposes, a court must determine (1) whether the alleged multiple punishments were for the same offense; (2) whether the sanction in question constituted "punishment" for double jeopardy purposes; and (3) whether the second proceeding was distinct and separate from the first. *In re P.S.*, 169 Ill. 2d at 272. If any of these determinations are made in the negative, double jeopardy does not bar the subsequent proceeding. We will address the question of whether summary suspension constitutes punishment first because it is dispositive.

Defendants' argument with respect to the issue of whether summary suspension constitutes punishment has recently been addressed in *People v. Dvorak*, 276 Ill. App. 3d 544, 658 N.E.2d 869 (1995). In *Dvorak*, the defendant was charged with DUI and served with notice of summary suspension. Defendant had submitted to a blood-alcohol-concentration test which disclosed a blood-alcohol concentration of 0.13. Defendant subsequently filed a petition to rescind the summary suspension, and the suspension was rescinded in an agreed order. Defendant then sought the dismissal of the DUI charge, arguing that double jeopardy precluded further prosecution. In affirming the trial court's refusal to dismiss the DUI charge, the court in *Dvorak* first addressed the question of whether summary suspension constituted "punishment" for double jeopardy purposes. As do the defendants in the present case, the defendant in *Dvorak* argued that under the recent Supreme Court cases of *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989), *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993), and *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994), unless a sanction is solely remedial it constitutes punishment for double jeopardy purposes. This argument is based upon the following language in *Halper*:

> "[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." *Halper*, 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902.

As the *Dvorak* court noted, however, the actual holding in *Halper* was more restrictive:

"We therefore hold that under the Double Jeopardy Clause a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Halper*, 490 U.S. at 448-49, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902.

The Supreme Court appears to have clarified this apparent discrepancy in *Austin* where, after quoting the "cannot fairly be said solely to serve a remedial purpose" language, the court held that forfeiture of the defendant's mobile home and body shop pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7) (1994) constituted punishment for purposes of the eighth amendment's prohibition of excessive fines because it could not be said to serve solely a remedial purpose. *Austin*, 509 U.S. at 621, 125 L. Ed. 2d at 505, 113 S. Ct. at 2812. In *Kurth Ranch*, the Supreme Court quoted the "second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution," language when referring to the holding in *Halper* but then held that the *Halper* test was inappropriate for determining whether a tax could be characterized as punishment. *Kurth Ranch*, 511 U.S. at 777-78, 128 L. Ed. 2d at 777-78, 114 S. Ct. at 1945. Subsequent to the decision in *Dvorak*, our own supreme court, in *In re P.S.*, also quoted the "cannot fairly be said solely to serve a remedial purpose" language as being the holding of *Halper*. In *In re P.S.*, our supreme court held that the forfeiture of the defendant's automobile following a conviction on a drug charge constituted multiple punishment for the same offense in violation of the prohibition against double jeopardy. Following *Austin*, our supreme court held that because the forfeiture did not serve a solely remedial purpose, it constituted punishment for purposes of the double jeopardy clause.

■ The court's decision in *Dvorak* appears to be based in part upon an interpretation of *Halper* as standing for the proposition that a civil sanction will constitute punishment for double jeopardy purposes where it can fairly be characterized as serving only deterrent or retributive ends. We find this interpretation of *Halper* questionable in light of *Austin* and *In re P.S.* Nevertheless, we are persuaded to follow the *Dvorak* court in holding that statutory summary suspension does not constitute punishment for double jeopardy purposes because it does not constitute a forfeiture of a fundamental property right, but merely the temporary suspension of a privilege.

In concluding that summary suspension did not constitute "punishment" for double jeopardy purposes, the *Dvorak* court reasoned:

"The administrative statutory summary suspension of one's

privilege to drive, pursuant to the implied consent statute, is not the equivalent of the forfeiture of a fundamental property right or a fine and is not punishment for double jeopardy purposes. Rather, it is clearly remedial in nature. A license to drive has long been viewed as a privilege subject to regulation and control under the police power of the State to govern traffic upon the highways, and the loss of the privilege has not been traditionally considered a punishment. [Citation.] Although a license to drive is a private property interest subject to due process protections, the interest in a driver's license, while important, does not amount to a fundamental property right in the constitutional sense. [Citation.] The suspension of the privilege to drive, though undoubtedly inconvenient to the driver, is not the curtailment of a fundamental right. [Citation.] The statutory summary suspension of a driver's license, which a court may refuse to rescind at an implied-consent hearing, is an administrative function of the Secretary of State designed to protect persons who travel the highways; it is not punishment." *Dvorak*, 276 Ill. App. 3d at 550, 658 N.E.2d at 875. The court went on to note that suspension was triggered by the licensee's failure to comply with the conditions of the implied consent statute and was intended to protect the public, not punish the licensee. The court held that summary suspension of a driver's license pursuant to the implied consent statute was fairly characterized as a remedial civil sanction rather than punishment for double jeopardy purposes.

The court next addressed the question of whether the hearing to rescind the summary suspension was a separate proceeding and whether a finding in favor of the defendant is tantamount to an acquittal in a criminal proceeding so as to bar further prosecution for DUI on the basis of double jeopardy. The court held that the rescission hearing is limited in scope and serves merely as an administrative device to remove impaired drivers from the road promptly. The nature and purpose of such a hearing are different from a trial on the merits of the DUI charge and are not part of the criminal process. Because the proceeding is not a means by which the State attempts to convict the defendant of a crime, the court reasoned, the decision cannot be considered as an acquittal or conviction for double jeopardy purposes. The defendant was never in danger of being found guilty of a crime.

We find the reasoning in *Dvorak* with respect to the issue of whether statutory summary suspension constitutes "punishment" for double jeopardy purposes to be persuasive and adopt the holding therein. Having determined that statutory summary suspension is remedial in nature and does not constitute "punishment," we need

not address the issue of whether a statutory summary suspension and a criminal DUI prosecution involve the same offense.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

CHAPMAN and MAAG, JJ., concur.