THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSIE JONES, Defendant-Appellant.

Fifth District   No. 5—97—0279

Opinion filed December 9, 1998.

Daniel M. Kirwan and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Brian Trambley, State's Attorney, of Vienna (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Jessie J. Jones, appeals the denial of his motion to dismiss the criminal prosecution pending against him in the circuit court of Johnson County. We affirm the denial of his motion.

On December 14, 1996, defendant, an inmate of the Department of Corrections (DOC), allegedly struck another inmate. On December 20, the prison adjustment committee found defendant not guilty of the alleged battery. On January 13, 1997, the State filed an information alleging defendant committed aggravated battery based on the same acts. Defendant responded by filing a motion to dismiss, alleging that the criminal prosecution was barred by double jeopardy as the adjustment committee already had found him not guilty. The trial court ruled defendant's criminal prosecution was not barred by double jeopardy.

Defendant first points out on appeal that this court has jurisdiction pursuant to Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)) to hear interlocutory appeals filed by the defense after the denial of a motion to dismiss on the grounds of former jeopardy. Defendant next contends that collateral estoppel prohibits the instant prosecution because he was found not guilty at the prison disciplinary hearing. The State agrees that this court has jurisdiction, but the State asserts that the trial court correctly determined that defendant's criminal prosecution is not barred by double jeopardy.

■ ■ The double jeopardy clause of the fifth amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. The prohibition against double jeopardy protects against three distinct abuses: (1) a second prosecution for the same offense after conviction; (2) a second prosecution for the same offense after acquittal; and (3) multiple punishments for the same offense when sought in separate proceedings. See *People v. Eck*, 279 Ill. App. 3d 541, 543, 664 N.E.2d 1147, 1148 (1996); *People v. Dvorak*, 276 Ill. App. 3d 544, 546, 658 N.E.2d 869, 872 (1995). In determining whether a defendant is being subjected to multiple punishments for double jeopardy purposes, a court must determine (1) whether the alleged multiple punishments were for the same offense, (2) whether the sanction in question constituted "punishment" for double jeopardy purposes, and (3) whether the second proceeding was distinct and separate from the first. *Eck*, 279 Ill. App. 3d at 543, 664 N.E.2d at 1148. If any of these determinations are made in the negative, double jeopardy does not bar the subsequent proceeding. Collateral estoppel, as a component of double jeopardy (see *People v. Carrillo*, 164 Ill. 2d 144, 151, 646 N.E.2d 582, 586 (1995)), provides that when a valid, final

610

judgment determines an issue of ultimate fact, the same parties cannot again litigate the issue in any future lawsuit. *People v. Thomas*, 216 Ill. App. 3d 469, 472, 576 N.E.2d 1020, 1022 (1991); *People v. Hackman*, 209 Ill. App. 3d 779, 781, 567 N.E.2d 1109, 1110 (1991). The doctrine of collateral estoppel requires that the issue decided in the prior adjudication be identical to the one presented in the suit in question, that there was a judgment on the merits in the prior adjudication, and that the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *People v. Franklin*, 167 Ill. 2d 1, 11-13, 656 N.E.2d 750, 754-55 (1995); *People v. Krstic*, 292 Ill. App. 3d 720, 723, 686 N.E.2d 692, 694 (1997); *Thomas*, 216 Ill. App. 3d at 472-73, 576 N.E.2d at 1022-23. For the reasons that follow, we find that neither double jeopardy nor collateral estoppel precludes defendant's criminal prosecution in this instance.

■ Because they are not criminal prosecutions, prison disciplinary proceedings generally do not implicate the double jeopardy clause. *People v. Baptist*, 284 Ill. App. 3d 382, 384, 672 N.E.2d 398, 400 (1996). The prison disciplinary process determines whether an inmate has violated the conditions of his incarceration, and it is designed to advance the important remedial goal of maintaining institutional order and security. Criminal prosecutions, on the other hand, are designed to punish those who violate the state's criminal laws. 284 Ill. App. 3d at 385-86, 672 N.E.2d at 400-01. Although punitive and remedial interests are tightly intertwined in the prison setting, disciplinary sanctions do not constitute additional punishment. 284 Ill. App. 3d at 386, 672 N.E.2d at 401. They serve the remedial purpose of maintaining institutional order. 284 Ill. App. 3d at 386, 672 N.E.2d at 401. They may affect the type of stay and may alter any good-time credit or privileges earned, but they do not change the original term or sentence imposed. Any punishment resulting from a subsequent criminal prosecution therefore will not result in a second punishment for the same conduct. 284 Ill. App. 3d at 387, 672 N.E.2d at 401. Accordingly, prison disciplinary proceedings in which the defendant has been found guilty and subjected to discipline for infractions of prison regulations do not preclude a subsequent criminal prosecution for the same conduct. *Baptist*, 284 Ill. App. 3d 382, 672 N.E.2d 398; *People v. Jocelyn*, 181 Ill. App. 3d 774, 537 N.E.2d 1086 (1989); *People v. McCollum*, 72 Ill. App. 3d 174, 390 N.E.2d 624 (1979); *People v. Lewis*, 73 Ill. App. 3d 361, 386 N.E.2d 910 (1979).

Defendant recognizes all of the above principles but points to the fact the prison adjustment committee found him not guilty of the initial charges. We believe that this makes no difference. Again, disciplinary proceedings are to maintain prison order; they are not

designed to protect the state's citizenry and its laws. Accordingly, public policy demands subsequent criminal prosecution. The successful prosecution of prison crime, whether or not disciplinary sanctions are imposed, will help to ensure that those who continue to commit crime while in prison will remain confined and insulated from the public. More importantly, prison disciplinary proceedings do not permit a thorough investigation and review process necessary to criminal prosecutions. Combining a prison disciplinary proceeding with a criminal prosecution would leave the inmate who violated prison rules without a prompt resolution of the disciplinary charges and hinder prison administration in general. *Baptist*, 284 Ill. App. 3d at 385, 672 N.E.2d at 400-01. As noted by the Supreme Court of Hawaii when faced with the same issue:

"Making prison disciplinary findings conclusive would cause a logistical nightmare. *** [I]f a finding of innocence in a prison hearing precludes a criminal charge[,] then the prison hearing will become the main focus of the criminal litigation. No doubt the prosecutor will ask to intervene in serious cases[,] and the disciplinary hearings will become mini-trials. This may be desirable in most administrative contexts[ ] but would clog the prison discipline system and defeat its main purpose of summarily maintaining prison order." *State v. Alvey*, 67 Haw. 49, 55, 678 P.2d 5, 9 (1984).

The State was not a party to the disciplinary proceeding, and it was never afforded a full and fair opportunity to litigate any issue. We cannot even say the disciplinary hearing was a full adjudication on the merits. The adjustment committee's summary indicated that, as the basis for its decision, the committee considered defendant's statement and the disciplinary report as written. The record does not affirmatively indicate that defendant was present at the proceeding, nor does it indicate that anyone appeared and argued the disciplinary charges against him or that any witnesses were called. See *People v. Medina*, 111 A.D.2d 946, 947, 489 N.Y.S.2d 937, 938-39 (1985). The State therefore should not be and cannot be estopped from pursuing a subsequent criminal prosecution in this instance, no matter what the outcome of the prison disciplinary proceeding may have been. See *Krstic*, 292 Ill. App. 3d at 724, 686 N.E.2d at 694-95; *People v. Raebig*, 213 Ill. App. 3d 146, 150-51, 571 N.E.2d 1174, 1176-77 (1991).

For the aforementioned reasons, we conclude that defendant's criminal prosecution is not barred by double jeopardy, and the circuit court correctly denied his motion to dismiss.

Affirmed.

WELCH and CHAPMAN, JJ., concur.