FIFTH DIVISION
April 14, 2006

No. 1-05-1706

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL JANOVIC, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Daniel Welter, |
| | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

After the conditional discharge sentence for his second conviction of driving under the influence of alcohol (DUI) was revoked, defendant Michael Janovic was sentenced to seven days in Cook County Jail. On appeal, defendant contends that he was placed twice in jeopardy when his third DUI was elevated from a misdemeanor to a felony and the conditional discharge sentence for his second DUI was revoked as a result of the third DUI.

BACKGROUND

Defendant was first convicted of DUI in 1991. On June 5, 2002, he was convicted of a second DUI. For that second misdemeanor conviction, he was sentenced to 18 months' conditional discharge and the Secretary of State suspended his driver's license. The sentence was in part conditioned upon defendant not violating any criminal statute of any jurisdiction.

Defendant was arrested for a third DUI on March 18, 2003, during the conditional discharge period and while his driver's license was suspended. Defendant was charged with felony DUI based on his two prior DUI convictions and driving on a suspended license. In connection with these new charges, the State filed a petition to revoke the conditional discharge that had been imposed for the 2002 misdemeanor conviction.

On November 3, 2004, defendant was convicted of his third felony DUI, a class 3 felony based upon his two prior convictions for DUI and driving with a suspended license. Defendant received a sentence of probation, community service, fines, fees, and costs. The State filed a petition to revoke his June 5, 2002, conditional discharge because defendant violated the terms of his June 5, 2002, conditional discharge by committing the felony DUI on March 18, 2003. On March 16, 2005, the circuit court found defendant guilty of violating the conditional discharge that had been imposed for the 2002 conviction and sentenced defendant to seven days in jail for the 2002 conviction.

## ANALYSIS

On appeal, defendant contends that he was "placed twice in jeopardy when his 2003 DUI was enhanced from a class 4 felony to a class 3 felony as a result of the license revocation he received from a 2002 DUI conviction *and* his conditional discharge from a 2002 DUI was revoked as a result of the 2003 offense." Defendant explains that he "does not question the State's power to either enhance the sentence or to revoke the conditional discharge," but instead, is challenging the use of both sanctions in combination. Defendant asserts that the "2003 offense may be punished by an enhanced felony sentence and no revocation of conditional discharge *or*

by a misdemeanor sentence, consistent with a 'common' DUI, coupled with revocation of the conditional discharge" (emphasis added) but that "[p]unishment by both of these methods *** puts the defendant in double jeopardy." He argues that his constitutional right to not be placed twice in jeopardy for the same offense was violated by "allowing a statutory scheme to exist that in reality allows double punishment for the same crime."

The constitutions of the United States and Illinois both provide that no person shall be put in jeopardy twice for the same criminal offense. U.S. Const., amend. V; Ill. Const. 1970, art. I, §10. The double jeopardy clause protects defendants from three abuses: (1) a second prosecution after an acquittal; (2) a second prosecution after a conviction; and (3) multiple punishments for the same offense. *People v. Gray*, 214 Ill. 2d 1, 6 (2005). In this case, the third safeguard is at issue.

When determining whether a defendant is being subjected to multiple punishments for double jeopardy purposes, a court must determine the following: (1) whether the alleged multiple punishments were for the same offense, (2) whether the sanction in question constituted "punishment," and (3) whether the second proceeding was distinct and separate from the first. *People v. Jones*, 301 Ill. App. 3d 608, 609 (1998). If any of these determinations are made in the negative, double jeopardy does not apply. *Jones*, 301 Ill. App. 3d at 609.

In this case, defendant "does not question the State's power to either enhance the sentence or to revoke the conditional discharge." Instead, he argues that the use of both sanctions in combination violated the double jeopardy clause. Defendant's argument is without merit because the sanctions imposed in this case each applied to a separate and distinct offense:

3

enhancement of his 2003 DUI felony conviction applied only to the aggravated and repetitive manner in which defendant committed the third DUI offense, while the revocation and resentencing applied only to defendant's second DUI offense. As noted above, if alleged multiple punishments were not imposed for the same offense, double jeopardy does not apply. See *Jones*, 301 Ill. App. 3d at 609.

Defendant is correct that charges or sentences may be enhanced based on a defendant's criminal history without violating double jeopardy protections. The Illinois Supreme Court has held that it does not violate double jeopardy principles "for a defendant to be convicted and sentenced for a crime even though the conduct underlying that offense has been considered in determining the defendant's sentence for a previous conviction." *People v. Blue*, 207 Ill. 2d 542, 549 (2003). Based on this general principle, the Illinois Supreme Court has held that a finding of eligibility for the death penalty based on criminal history does not violate the guarantee against double jeopardy (*People v. Kidd*, 178 Ill. 2d 92, 136-37 (1997)), and this court has held that the imposition of an extended-term sentence based on prior convictions does not violate the constitutional guarantee against double jeopardy (*People v. Fikara*, 345 Ill. App. 3d 144, 156-57 (2003)).

In *People v. Washington*, the defendant argued that the habitual criminal statute violates the United States and Illinois constitutional right to be free from double jeopardy. *People v. Washington*, 125 Ill. App. 3d 109, 116 1984 . He claimed the statute punished him not just for committing the third offense but also for the first two offenses. *Washington*, 125 Ill. App. 3d at 116. However, we explained that "defendant is not punished a second time for a prior offense  rather, prior adjudications are used

to establish matters in aggravation to support the disposition statutorily authorized for a third more serious offense." *Washington*, 125 Ill. App. 3d at 116.

Here, defendant received a felony sentence for his third DUI, which was an aggravated offense, enhanced to a class 3 felony, both because defendant committed it while his driver's license was suspended and because it was his third DUI conviction. Accordingly, the felony DUI "punished [defendant] only for the fact that the [third] offense was carried out in a manner that warrants increased punishment." *Witte v. United States*, 515 U.S. 389, 403, 132 L. Ed. 2d 351, 366, 115 S. Ct. 2199, 2208 (1995). Defendant's felony DUI does not violate double jeopardy because it appropriately penalized him for his third offense.

Defendant is also correct that conditional discharge may be revoked without violating double jeopardy principles. The revocation of a defendant's conditional discharge is analogous to the revocation of a defendant's probation. *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 391 (1997). Indeed, the revocation of conditional discharge and the revocation of probation are governed by the same statutory section. See 730 ILCS 5/5-6-4 (West 2004). Accordingly, case law regarding the revocation of probation applies equally to issues involving the revocation of conditional discharge.

The revocation of a defendant's probation does not violate the double jeopardy clause because probation is part of the original sentence. *People v. Baptist*, 284 Ill. App. 3d 382, 387 (1996). The imposition of the sentence of probation is conditional. *People v. Ward*, 80 Ill. App. 3d 253, 258 (1980). The continuance of probation is conditional as well:

"[The continuance of probation] is conditioned on compliance with stated conditions, and if the defendant does not comply with those conditions, *** probation may be revoked. See 730 ILCS 5/3-3-7, 3-3-9, 5-6-3, 5-6-4 (West 1994). Revocation of *** probation is regarded as reinstatement of the sentence or delayed sentencing for the underlying crime, not as punishment for the conduct leading to the revocation. [*People v.*] *Vahle*, 60 Ill. App. 3d [391,] 395, 376 N.E.2d [766,] 769 [1978]; [*United States v.*] *Brown*, 59 F.3d [102,] 104 [(9th Cir. 1995)]. Revocation does not *extend* the original sentence, but simply alters the conditions under which the defendant serves it. Thus, the fact that the events which lead to revocation may also constitute a second crime does not mean the revocation itself is punishment for the second crime. See *Vahle*, 60 Ill. App. 3d at 395-96, 376 N.E.2d at 769." (Emphasis in original.) *Baptist*, 284 Ill. App. 3d at 387.

Once conditional discharge is revoked, the trial court may sentence a defendant to any disposition that would have been appropriate for the original offense. *Ward*, 80 Ill. App. 3d at 257 (rejecting the defendant's argument that punishing him for a theft conviction and revoking his prior burglary probation on the basis of that theft conviction constituted double jeopardy). The settled law in Illinois is that jeopardy does not attach at revocation hearings. *Ward*, 80 Ill. App. 3d at 257. " 'A sentence imposed upon revocation of probation is not considered

punishment for the offense which led to the revocation proceedings, but for the original crime. Thus there is no question of double jeopardy, or of being punished twice for the same offense.' " *Ward*, 80 Ill. App. 3d at 258, quoting *People v. Howell*, 46 Ill. App. 3d 300, 302 (1977).

Defendant was convicted of a second DUI in 2002. At that time, he was sentenced to 18 months' conditional discharge. Defendant violated one of the conditions of his conditional discharge when he committed a third DUI in 2003. Pursuant to the terms of his conditional discharge sentence, he was then subject to be resentenced for the 2002 DUI. The revocation of discharge was not punishment for the 2003 DUI, which caused the revocation. Rather, defendant was re-sentenced for the 2002 misdemeanor DUI pursuant to the terms of the sentence he received for having committed that offense. The punishment for the third DUI offense in 2003 was the felony DUI sentence of probation, community service, fines, fees, and costs. The punishment for the 2002 conviction was conditional discharge, which as the result of a violation of the terms of the conditional discharge was later replaced with a sentence of seven days in jail.

As in *Ward*, defendant violated one of the conditions of his discharge when he committed the subsequent felony DUI. Pursuant to the terms of his conditional discharge sentence, he was then subject to be sentenced for the original misdemeanor DUI. The revocation of discharge was not punishment for the subsequent felony DUI which caused the revocation. See *People v. Morgan*, 55 Ill. App. 2d 157, 159-61 1965 . The State does not now seek to try defendant again for the misdemeanor DUI. See *People v. Warne*, 39 Ill. App. 3d 894, 898 1976 . "Since he knowingly violated a condition of his discharge, he cannot now claim that he is being twice punished for the crime" of felony DUI.

*See Ward*, 80 Ill. App. 3d at 258. He is merely being re-sentenced for the crime of misdemeanor DUI based on a violation of that sentence pursuant to the terms of the conditional discharge sentence he received for having committed that offense. The punishment for his third offense was the felony DUI sentence. The punishment for his second offense was the misdemeanor DUI sentence. Therefore, neither his second nor third offense involved multiple punishments for the same offense.

CONCLUSION

We reject defendant's contention that he was placed twice in jeopardy by having his third DUI offense enhanced to a felony and by having his conditional discharge revoked for his second DUI offense. As explained above, the recidivist enhancement penalized the third offense alone, while the revocation penalized the second offense alone. The sentences imposed were for separate violations. For the reasons previously discussed, defendant's right to be free from double jeopardy was not violated. Accordingly, we affirm the judgment of the circuit court.

Affirmed.

GALLAGHER, P.J., and O'BRIEN, J., concur.