No. 3 95 0496

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1996

PEOPLE OF THE STATE OF        )    Appeal from the Circuit Court 

ILLINOIS,                     )    of the 13th Judicial Circuit

                              )    Bureau County, Illinois

     Plaintiff-Appellee,      )

                              )

     v.                       )    No. 95 TR 844

                              )

CHRISTOPHER PARMENTER,        )    Honorable

                              )    Terence M. Madsen

     Defendant-Appellant.     )    Judge, Presiding.

                              )

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

     Defendant, Christopher Parmenter, was arrested for driving

under the influence of alcohol (DUI) (625 ILCS 5/11 501(a)(2) (West

1994)) on December 31, 1994, and consented to take a breath test. 

The test results showed that defendant's blood-alcohol

concentration (BAC) was .14.  Defendant was also served with a

notice of statutory summary suspension of his driver's license

because his BAC was above the legal limit of .10.  See 625 ILCS

5/11 501.1 (West 1994).

     Defendant filed a petition to rescind the summary suspension

of his license.  The trial court denied the petition after a

hearing, and defendant's license was suspended.  Defendant then

filed a motion to dismiss the DUI charge, alleging that the summary

suspension created former jeopardy and that a subsequent criminal

prosecution would violate his rights against double jeopardy under

the United States and Illinois constitutions.  See U.S. Const.,

amend. V; Ill. Const. 1970, art. I, §10.  The trial court denied

the motion to dismiss, and defendant appeals.  We affirm and remand

for further proceedings.

     The test for a double jeopardy violation requires a

determination of (1) whether the civil action constitutes

"punishment" for purposes of double jeopardy, (2) whether the civil

and criminal proceedings are for the same offense, and (3) whether

the two proceedings are separate.  The second proceeding is barred

only if all three questions are answered in the affirmative.  In re

P.S., 169 Ill. 2d 260, 272-73, 661 N.E.2d 329, 335-36 (1996).

     Recently, the court in People v. Fasbinder, 278 Ill. App. 3d

855, 858-59, 663 N.E.2d 1052, 1055 (1996), rejected a double

jeopardy challenge similar to that raised by the defendant in this

case.  Relying on the reasoning in People v. Dvorak, 276 Ill. App.

3d 544, 658 N.E.2d 869 (1995), the Fasbinder court upheld the

validity of utilizing both administrative summary suspension and

criminal DUI proceedings.

     In Dvorak, the court stated that "'whether a given civil

sanction constitutes punishment in the relevant sense requires a

particularized assessment of the penalty imposed and the purposes

that the penalty may fairly be said to serve.'"  Dvorak, 276 Ill.

App. 3d at 547, 658 N.E.2d at 873, quoting United States v. Halper,

490 U.S. 435, 448, 104 L. Ed. 2d 487, 501, 109 S. Ct. 1892, 1901

(1989).  The court noted that Illinois courts had upheld the

suspension of a defendant's professional license after he had been

convicted of related criminal charges.  Dvorak, 276 Ill. App. 3d at

551-52, 658 N.E.2d at 876, citing Kaplan v. Department of

Registration and Education, 46 Ill. App. 3d 968, 975, 361 N.E.2d

626, 631 (1977) (suspending a professional license and prosecuting

a criminal charge does not constitute double jeopardy).  After

citing decisions in other states that had upheld the use of

administrative license suspensions and criminal DUI prosecutions,

the court found that although the suspension of a driver's license

"may have the incidental effect of deterring impaired drivers", the

summary suspension statute is "fairly characterized as a remedial

civil sanction rather than as punishment for double jeopardy

purposes."  Dvorak, 276 Ill. App. 3d at 551, 658 N.E.2d at 875-76. 

Thus, the separate administrative and criminal proceedings in this

case did not constitute double jeopardy.

     Our supreme court recently found in In re P.S. that the double

jeopardy clause was violated when a defendant was prosecuted for

unlawful possession of a controlled substance (Ill. Rev. Stat.

1991, Ch. 56 1/2, par. 1402(c)) after his car had been forfeited in

a civil proceeding brought under the Drug Asset Forfeiture

Procedure Act (725 ILCS 150/1 et seq. (West 1992)).  After

reviewing the analysis used in P.S., the Fasbinder court held that

its categorical approach to the double jeopardy issue would not

apply to the suspension of drivers' licenses because forfeiture

statutes have generally been deemed punitive, while the summary

suspension statute was adopted to promote highway safety. 

Fasbinder, 278 Ill. App. 3d at 857-58, 663 N.E.2d at 1054.  The

summary suspension statute is an attempt to keep unqualified

persons from posing a special risk of harm to the public.  Further,

the government does not receive a financial benefit from the

summary suspension of a defendant's driver's license as it does

from the state's forfeiture provisions.  Fasbinder, 278 Ill. App.

3d at 858, 663 N.E.2d at 1054.

     Having distinguished P.S., the court in Fasbinder concluded

that the holding in Dvorak was still good law.  Fasbinder, 278 Ill.

App. 3d at 858, 663 N.E.2d at 1055; see also People v. Eck, 279

Ill. App. 3d 541, 545, 664 N.E.2d 1147, 1149-50 (1996) (adopting

analysis of "punishment" for double jeopardy purposes used in

Dvorak).  We agree, and also find that there is no violation of

defendant's double jeopardy rights in the instant case because the

administrative summary suspension and criminal DUI proceedings

require different elements of proof.  Fasbinder, 278 Ill. App. 3d

at 858, 663 N.E.2d at 1054, citing P.S., 169 Ill. 2d at 273, 661

N.E.2d at 336.

     The relevant portion of the DUI statute under which defendant

was charged requires the state to prove that he was acting under

the influence of alcohol.  625 ILCS 5/11 501(a)(2).  In contrast,

the applicable part of the summary suspension statute only requires

a showing that defendant submitted to a breath test that registered

a BAC of .10 or more.  625 ILCS 5/11 501.1(d).  Because the

administrative and criminal proceedings were premised on different

allegations and required different proofs by the state, the double

jeopardy clause was not violated in this case.  See P.S., 169 Ill.

2d at 277, 661 N.E.2d at 337.

     For the reasons stated, the judgment of the circuit court of

Bureau County is affirmed, and the case is remanded for further

proceedings consistent with this order.

     Affirmed and remanded for further proceedings.

     HOLDRIDGE, P.J., dissents, and MICHELA, J., concurs.