THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER PARMENTER, Defendant-Appellant.

Third District    No. 3—95—0496

Opinion filed September 20, 1996.

HOLDRIDGE, P.J., dissenting.

Jay Wiegman (argued), of Wiegman Law Office, of Somonauk, for appellant.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin and Judith Z. Kelly (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant, Christopher Parmenter, was arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1994)) on December 31, 1994, and consented to take a breath test. The test results showed that defendant's blood-alcohol concentration (BAC) was .14. Defendant was also served with a notice of statutory summary suspension of his driver's license because his BAC was above the legal limit of .10. See 625 ILCS 5/11—501.1 (West 1994).

Defendant filed a petition to rescind the summary suspension of his license. The trial court denied the petition after a hearing, and defendant's license was suspended. Defendant then filed a motion to dismiss the DUI charge, alleging that the summary suspension created former jeopardy and that a subsequent criminal prosecution

would violate his rights against double jeopardy under the United States and Illinois Constitutions. See U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. The trial court denied the motion to dismiss, and defendant appeals. We affirm and remand for further proceedings.

■ The test for a double jeopardy violation requires a determination of (1) whether the civil action constitutes "punishment" for purposes of double jeopardy, (2) whether the civil and criminal proceedings are for the same offense, and (3) whether the two proceedings are separate. The second proceeding is barred only if all three questions are answered in the affirmative. *In re P.S.*, 169 Ill. 2d 260, 272-73, 661 N.E.2d 329, 335-36 (1996).

Recently, the court in *People v. Fasbinder*, 278 Ill. App. 3d 855, 858-59, 663 N.E.2d 1052, 1055 (1996), rejected a double jeopardy challenge similar to that raised by the defendant in this case. Relying on the reasoning in *People v. Dvorak*, 276 Ill. App. 3d 544, 658 N.E.2d 869 (1995), the *Fasbinder* court upheld the validity of utilizing both administrative summary suspension and criminal DUI proceedings.

In *Dvorak*, the court stated that " 'whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve.' " *Dvorak*, 276 Ill. App. 3d at 547, 658 N.E.2d at 873, quoting *United States v. Halper*, 490 U.S. 435, 448, 104 L. Ed. 2d 487, 501, 109 S. Ct. 1892, 1901 (1989). The court noted that Illinois courts had upheld the suspension of a defendant's professional license after he had been convicted of related criminal charges. *Dvorak*, 276 Ill. App. 3d at 551-52, 658 N.E.2d at 876, citing *Kaplan v. Department of Registration & Education*, 46 Ill. App. 3d 968, 975, 361 N.E.2d 626, 631 (1977) (suspending a professional license and prosecuting a criminal charge do not constitute double jeopardy). After citing decisions in other states that had upheld the use of administrative license suspensions and criminal DUI prosecutions, the court found that although the suspension of a driver's license "may have the incidental effect of deterring impaired drivers," the summary suspension statute is "fairly characterized as a remedial civil sanction rather than as punishment for double jeopardy purposes." *Dvorak*, 276 Ill. App. 3d at 551, 658 N.E.2d at 875-76. Thus, the separate administrative and criminal proceedings in this case did not constitute double jeopardy.

Our supreme court recently found in *In re P.S.* that the double jeopardy clause was violated when a defendant was prosecuted for unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1402(c)) after his car had been forfeited in a civil proceeding brought under the Drug Asset Forfeiture Procedure Act (725

ILCS 150/1 *et seq.* (West 1992)). After reviewing the analysis used in *P.S.*, the *Fasbinder* court held that its categorical approach to the double jeopardy issue would not apply to the suspension of drivers' licenses because forfeiture statutes have generally been deemed punitive, while the summary suspension statute was adopted to promote highway safety. *Fasbinder*, 278 Ill. App. 3d at 857-58, 663 N.E.2d at 1054. The summary suspension statute is an attempt to keep unqualified persons from posing a special risk of harm to the public. Further, the government does not receive a financial benefit from the summary suspension of a defendant's driver's license as it does from the state's forfeiture provisions. *Fasbinder*, 278 Ill. App. 3d at 858, 663 N.E.2d at 1054.

■ Having distinguished *P.S.*, the court in *Fasbinder* concluded that the holding in *Dvorak* was still good law. *Fasbinder*, 278 Ill. App. 3d at 858, 663 N.E.2d at 1055; see also *People v. Eck*, 279 Ill. App. 3d 541, 545, 664 N.E.2d 1147, 1149-50 (1996) (adopting analysis of "punishment" for double jeopardy purposes used in *Dvorak*). We agree and also find that there is no violation of defendant's double jeopardy rights in the instant case because the administrative summary suspension and criminal DUI proceedings require different elements of proof. *Fasbinder*, 278 Ill. App. 3d at 858, 663 N.E.2d at 1054, citing *P.S.*, 169 Ill. 2d at 273, 661 N.E.2d at 336.

The relevant portion of the DUI statute under which defendant was charged requires the state to prove that he was acting under the influence of alcohol. 625 ILCS 5/11—501(a)(2) (West 1994). In contrast, the applicable part of the summary suspension statute only requires a showing that defendant submitted to a breath test that registered a BAC of .10 or more. 625 ILCS 5/11—501.1(d) (West 1994). Because the administrative and criminal proceedings were premised on different allegations and required different proofs by the State, the double jeopardy clause was not violated in this case. See *P.S.*, 169 Ill. 2d at 277, 661 N.E.2d at 337.

For the reasons stated, the judgment of the circuit court of Bureau County is affirmed, and the case is remanded for further proceedings consistent with this order.

Affirmed and remanded for further proceedings.

MICHELA, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, dissenting:
Because I believe that the summary suspension procedure of sections 11—501.1 and 6—208.1(a)(4) of the Illinois Vehicle Code (625

ILCS 5/11—501(a) (West 1992)) constitutes punishment for the same offense as the DUI charge, I would reverse the trial court and grant defendant's motion to dismiss the DUI charge. I must, therefore, respectfully dissent.

The issue here is whether a summary suspension constitutes punishment. I believe that it does. Whether a given civil, criminal or administrative sanction constitutes punishment "requires a particularized assessment of the penalty imposed and the *purposes* that the penalty may fairly be said to serve." (Emphasis added.) *United States v. Halper*, 490 U.S. 435, 448, 104 L. Ed. 2d 487, 501, 109 S. Ct. 1892, 1901 (1989). When determining whether a particular sanction constitutes punishment, "it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated." *Halper*, 490 U.S. at 447 n.7, 104 L. Ed. 2d at 501 n.7, 109 S. Ct. at 1901 n.7.

Since the purposes of the sanction and not the nature of the proceedings determine whether double jeopardy applies, I do not believe that the administrative nature of a license suspension or revocation proceeding is relevant to the determination that a particular sanction constituted punishment. Nor do I believe that whether a license to drive is a privilege, a property interest, or a fundamental right is relevant. The deprivation of any of these, even for a relatively short period of time, if *for the purposes of punishment*, would, in my opinion, constitute prior jeopardy. We must therefore confine our analysis to the *purposes* of the sanction in order to determine whether double jeopardy applies.

The two traditional purposes of punishment are retribution and deterrence. *Halper*, 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902. Thus, civil sanctions that serve either retributive or *deterrent* purposes are punishment, as we have come to understand the term. *Halper*, 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902. However, a sanction that is predominantly remedial in purpose, but has come punitive aspects, would not constitute punishment for double jeopardy purposes. See *Halper*, 490 U.S. at 443, 104 L. Ed. 2d at 498, 109 S. Ct. at 1899. The ultimate question, therefore, is whether the summary suspension statute is *predominantly* remedial, with some punitive aspects, and therefore not former jeopardy, or whether the statute has the twin goals of remediation and punishment and therefore is former jeopardy for purposes of invoking the constitutional protection against double jeopardy. I believe that the latter is the case.

I disagree with the majority's conclusion that a summary suspension procedure is *predominantly* remedial and for the purpose of get-

ting drivers likely to commit DUI off the road. I likewise disagree with the holdings in *People v. Dvorak*, 276 Ill. App. 3d 544 (1995), and *People v. Fasbinder*, 278 Ill. App. 3d 855, 663 N.E.2d 1052, upon which the majority relies.

While it is true that one of the purposes of the summary suspension statute is to remediate the public safety, the statute also has an express punitive purpose that cannot be ignored. Section 6—206.1 of the Code states, in part:

> "It is hereby declared a policy of the State of Illinois that the driver who is impaired by alcohol or other drugs is a threat to the public safety and welfare. Therefore, to provide a *deterrent* to such practice *and* to remove problem drivers from the highway, a statutory summary driver's license suspension is appropriate." (Emphasis added.) 625 ILCS 5/6—206.1 (West 1992).

As Justice Green stated in his special concurrence to *People v. Fasbinder*:

> "The foregoing language clearly states that the summary suspension procedure has two purposes. One is to deter people from driving while intoxicated and the other is to remove 'problem drivers from the highway.' Any other interpretation ignores the use of the word 'and.' The majority opinion is not clear as to the meaning it gives to that language. To the extent it interprets the wording to mean 'to provide a deterrent to such practice by removing problem drivers from the highway,' I am in disagreement." 278 Ill. App. 3d at 860.

Unlike Justice Green, however, I do not share the opinion that the *predominant* purpose of the summary suspension statute is remedial. Rather, I believe that the punitive purpose of the statute, *i.e.*, to deter people from driving while intoxicated by imposing a summary suspension, is as much an intended purpose of the summary suspension statute as the purpose of removing potential problem drivers from the roads. I must seriously question the primacy of the goal of getting drivers likely to commit DUI off the road, when the suspension does not take effect until 45 days *after* the individual is notified of the suspension of his or her license. 625 ILCS 5/11—501.1(g) (West 1992).

Under the double jeopardy analysis articulated by the Supreme Court in *Halper*, and unchanged by the recent decision in *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996), an *in personam* action that imposes a sanction for a punitive purpose is former jeopardy.

While we may wish to ignore the obvious punitive *purpose* of the summary suspension statute in order to *deter* drunk driving, I believe that we cannot do so without abandoning the constitutional protec-

tion against double jeopardy. I do not mean to say that potentially dangerous drivers cannot be removed from the road. The summary suspension statute can and should be used where it is the most effective and appropriate method for making the roads safer *and* punishing a person driving under the influence. If, on the other hand, it would be more effective for the protection of the public *and* more appropriate punishment for an individual alleged to be driving under the influence to be prosecuted under the criminal statute, the State's Attorney can choose to effectuate the twin goals of remediation and punishment through a criminal proceeding. We cannot ignore what is to me an obvious violation of our constitutional protection against double jeopardy in order to *punish* those who violate our laws and endanger our safety.